IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,437-02






EX PARTE MARIO RASHAD SWAIN









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS

FROM CAUSE NO. 30,261-B IN THE 124TH DISTRICT COURT

GREGG COUNTY




 Per Curiam.


O R D E R



 This is a subsequent application for a writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In November 2003, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. On
direct appeal, this Court affirmed applicant's conviction and sentence. Swain v. State, 181
S.W.3d 359 (Tex. Crim. App. 2005). Applicant filed his initial post-conviction application
for writ of habeas corpus in the convicting court on August 31, 2005. This Court denied
applicant relief. Ex parte Swain, No. WR-64,437-01 (Tex. Crim. App. Sept. 20, 2006)(not
designated for publication). This, applicant's first subsequent application, was filed in the
trial court on October 31, 2012. 

 In his application, applicant raises a single claim that the testimony of A.P. Merillat
was materially false and violated his constitutional rights. Applicant claims that this Court's
opinions in Estrada v. State, 313 S.W.3d 274, 286-88 (Tex. Crim. App. 2010) and Velez v.
State, No. AP-76,051, slip op. at pp. 53-7 (Tex. Crim. App. June 13, 2012)(not designated
for publication), provide new law supporting a review of his claim under Article 11.071, §
5(a)(1). He further asserts that the fact that the similarity of Merillat's testimony in those two
cases to his testimony in this case meets the clear and convincing evidence standard allowing
review under Article 11.071, § 5(a)(3). 

 We note, however, that applicant's offense and trial occurred prior to the effective
date of the regulation that was the subject of Merillat's testimony in Estrada and Velez. 
Therefore, the holdings in these cases do not affect applicant's case. Likewise, applicant has
failed to meet the dictates of Article 11.071, § 5(a)(3). Accordingly, we dismiss the
application as an abuse of the writ without considering the merits of the claims. 

 IT IS SO ORDERED THIS THE 2ND DAY OF NOVEMBER, 2012.

Do Not Publish